**2026 Tex. Bus. 43**



**The Business Court of Texas,
First Division**

| | | |
|---|---|---|
| COBALT FALCON, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No. 25-BC01A-0023 |
| | § | |
| AXS INVESTMENTS, LLC, | § | |
| *Defendant.* | § | |

═══════════════════════════════════════

**Memorandum Opinion and Order Granting
Plaintiff's Motion for Summary Judgment**

═══════════════════════════════════════

¶1 Before the Court is *Plaintiff's Traditional and No Evidence Motion for Summary Judgment* and responsive filings. Upon review of the parties' pleadings, the motion is GRANTED.

## I. Traditional Motion for Summary Judgment on Liability

¶2 Plaintiff ("Cobalt Falcon") moves for traditional summary judgment on liability for Count I: breach of contract (Transaction Agreement as modified by the First Amendment). Mtn. at p. 6. To obtain summary

judgment, Cobalt Falcon must "conclusively prove all essential elements of its cause of action." *Haddad v. JP Morgan Chase Bank, N.A.*, No. 01-20-00283-CV, 2021 WL 5056651, at *2 (Tex. App.—Houston [1st Dist.] Nov. 2, 2021).

¶3    Under Delaware law, the essential elements for a breach of contract claim are "(1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages." *Jiggy Puzzles, LLC v. Steelhead Acquisition EE, Inc.*, No. N24C-10-212, 2026 WL 465112, at *5 (Del. Super. Ct. Feb. 18, 2026); *see VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). Because the motion is limited to liability, Cobalt Falcon's burden did not include establishing, as a matter of law, the full amount of its damages— only the existence of damages.

¶4    To satisfy the first element of its claim, Cobalt Falcon cites the Transaction Agreement between the parties (*see* Mtn. at pp. 23-58) as a valid and enforceable contract (*see id.* at p. 6). The Court has already construed the Transaction Agreement under Texas Rule of Civil Procedure 166(g) as imposing a continuing obligation on AXS to make monthly payments to Cobalt Falcon in perpetuity. *Cobalt Falcon, LLC v. AXS Invs., LLC*, 2026 Tex. Bus. 30, at ¶ 15 (1st Div.). The first element has been established.

¶5　To satisfy the second and third elements, Cobalt Falcon puts forth a Forbearance Agreement noting AXS's "default" (*see* Mtn. at p. 81) and a document listing payments made by AXS to Cobalt Falcon from May 2022 to March 2026 (*see id.* at pp. 86-87). In response, AXS does not dispute that it ceased making the minimum monthly payments required under Section 2.4 and Schedule 2.4 of the First Amendment in December 2024. Instead, AXS argues solely that each monthly payment constitutes an installment, and that the absence of an acceleration clause in the contract limits AXS's liability to "Minimum Monthly Payments arising prior to June 11, 2025." Resp. at pp. 4-6.

¶6　Assuming without deciding that AXS is correct, its argument goes solely to the *amount* of damages, not their *existence*. By its traditional motion for summary judgment, Cobalt Falcon seeks only partial judgment as to *liability*. Mtn. at p. 6. Cobalt Falcon has adduced evidence of a contractual obligation breached by AXS resulting in *some* damage to Cobalt Falcon, and AXS has not controverted such evidence. Thus, the record before the Court supports the granting of summary judgment as to the elements of breach of contract—specifically, liability—under Delaware law, with the amount of damages remaining to be tried.

¶7     However, before such judgment can be granted, the Court must first determine whether any affirmative defense relied upon by AXS precludes a judgment on liability. AXS's affirmative defenses were challenged on a no-evidence basis, addressed below.

## II. No-Evidence Motion for Summary Judgment on Affirmative Defenses

¶8     Cobalt Falcon moves for no-evidence summary judgment on AXS's ten affirmative defenses. By amended answer, AXS nonsuited all but four: unconscionability, liquidated damages constituting an unenforceable penalty, failure to mitigate, and limitation of remedies (pleaded as "overlapping and duplicative recovery"). To prevail on a no-evidence motion for summary judgment, Cobalt Falcon must "establish that there is no evidence of an essential element of a . . . defense on which [AXS has] the burden of proof at trial." TEX. R. CIV. P. 166a(a)(2). "[U]nless [AXS] produces summary judgment evidence raising a genuine issue of material fact," the Court will grant Cobalt Falcon's motion. *Id.* 166a(h)(3).

### A.     Unconscionability

¶9     Under Delaware law, "[a] finding of unconscionability generally requires 'the taking of an unfair advantage by one party over the other.'" *James v. Nat'l Fin., LLC*, 132 A.3d 799, 814 (Del. Ch. 2016) (also noting that

"courts have evoked this doctrine with extreme reluctance" (quoting *Ryan v. Weiner*, 610 A.2d 1377, 1381 (Del. Ch. 1992))); *Talkdesk, Inc. v. DM Trans, LLC*, No. N23C-08-005, 2024 WL 2799307, at *7 (Del. Super. Ct. May 31, 2024) ("For a court to find unconscionability, 'there must be an absence of meaningful choice and contract terms unreasonably favor[] one of the parties.'" (alteration in original) (quoting *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978))). A bad bargain is not an unconscionable contract—and only the latter will not be enforced. *See James*, 132 A.3d at 827.

¶10   To determine whether unconscionability is present, courts in Delaware consider ten factors, six relating to substantive unconscionability and the other four to procedural unconscionability. *Id.* at 814-15. (citing *Fritz v. Nationwide Mut. Ins. Co.*, No. 1369, 1990 WL 186448, at *4-5 (Del. Ch. Nov. 26, 1990)). Consideration of substantive unconscionability "tests the substance of the exchange." *Id.* at 815. Procedural unconscionability, not invoked here, speaks to the bargaining process. *Id.* at 826.

¶11   Cobalt Falcon contends that "AXS cannot provide any evidence that Cobalt had superior bargaining power or used it to take an unfair advantage over AXS." Mtn. at p. 8. AXS responds by arguing that the "eternal obligation [to pay Cobalt $74,062.45/month forever], regardless of whether

the Fund is open or closed, is unconscionable." Resp. at p. 8. In AXS's view, "a fact issue exists regarding whether there is a 'gross imbalance' or 'gross disparity' between the rights in the Fund that AXS acquired and AXS's putative obligation to pay Cobalt $74,062.45/month ***forever***." *Id.* at p. 7 (emphasis in original).

¶12   AXS's response does not evidence the factors of substantive unconscionability under Delaware law. *See James*, 132 A.3d at 815. By its argument, AXS appears to rely primarily on the factors concerning whether the terms of the deal reflect a "significant cost-price disparity or excessive price" or "[a]n overall imbalance in the obligations and rights imposed by the bargain." *See id*. These factors, like the others, must be considered at the time of contracting. *Id*. at 814. Here, the contract conveys perpetual rights in exchange for perpetual monthly payments. As this Court previously found, "[t]he idea that a party, holding an asset that may generate revenue in perpetuity, would trade that asset for a perpetual [payment] obligation, is not inherently absurd." *Cobalt Falcon*, 2026 Tex. Bus. 30, at ¶ 12. In the absence of evidence that some other circumstance was anticipated (more specifically, the Fund's closure), the Court cannot find that these terms are evidence of a significant disparity, excessive price, or an overall imbalance.

¶13 Cobalt Falcon and AXS did not contract for simple, lump-sum consideration, making their bargain distinguishable from the deal struck by Cobalt Falcon when it first acquired the rights to the Fund. Instead, the parties contracted for perpetual monthly payments in consideration for the conveyance of management and control over a Fund that could have existed in perpetuity. As previously noted, "AXS neglects to factor in that closure of the Fund was entirely within its own hands." *Cobalt Falcon*, 2026 Tex. Bus. 30, at ¶ 11. Thus, there is no evidence to support these initial factors.

¶14 Further, AXS does not offer evidence or make any argument that the contract denied AXS basic rights or remedies or contained any penalty clauses, ruling out reliance on those two factors. *See James*, 132 A.3d at 815. And the perpetual payment obligation was "not veiled or obscured in the contract—it [was] expressly stated, in plain terms." *Cobalt Falcon*, 2026 Tex. Bus. 30, at ¶ 14. Thus, there is no evidence of the final two factors: that the consideration was inconspicuous or hidden within the "fine print," or that it was wrapped in confusing language. *See James*, 132 A.3d at 815.

¶15 In sum, considering the factors of substantive unconscionability according to Delaware law, the record before the Court contains no evidence that Cobalt Falcon took unfair advantage of AXS or that there was an absence

of meaningful choice. Accordingly, Cobalt Falcon's motion for summary judgment on the affirmative defense of unconscionability is GRANTED.

### B. Liquidated Damages Constituting an Unenforceable Penalty

¶16 Cobalt Falcon next moves for summary judgment on AXS's affirmative defense that the damages sought by Cobalt Falcon are liquidated damages that constitute an unenforceable penalty. Mtn. at p. 9. Delaware courts will not enforce a penalty "disguised" as a liquidated damages provision. *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1032 (Del. Super. Ct. 2021). "[A] penalty is a 'punishment for default, rather than a measure of compensation for . . . breach,' that inserts with blunt instruments 'a stipulated sum . . . irrespective of the damage sustained.'" *Id.* (alterations in original).

¶17 The Court does not reach the question of whether a liquidated damages provision constitutes an unenforceable penalty as alleged by AXS for the simple reason that Cobalt Falcon is not seeking to recover any liquidated damages. Under Delaware law, "[l]iquidated damages are a sum to which the parties to a contract have agreed, at the time of entering into the contract, as being payable to satisfy any loss or injury flowing from a breach of their contract." *S.H. Deliveries, Inc. v. TriState Courier & Carriage, Inc.*, No. 96C-

02-086, 1997 WL 817883, at *2 (Del. Super. Ct. May 21, 1997). Liquidated damages reflect "the parties' best guess of the amount of injury that would be sustained in a contractual breach," achieving certainty as to damages that "would otherwise be uncertain or not easily susceptible of proof." *Id*. This case does not involve a claim for liquidated damages.

¶18 The damages sought to be recovered by Cobalt Falcon are not a liquidated sum fixed at the time of contracting, reflecting a prospective estimate of harm that is difficult to quantify. To the contrary, Cobalt Falcon seeks to recover one or more monthly payments that AXS was contractually bound to make: the direct damages flowing from AXS's breach. Because there is no evidence of a liquidated damages provision, or that Cobalt Falcon seeks to recover pursuant to one, there is no evidence that such damages constitute an unenforceable penalty. Accordingly, Cobalt Falcon's motion for summary judgment on the affirmative defense of liquidated damages as an unenforceable penalty is GRANTED.

### C. Mitigation of Damages

¶19 Cobalt Falcon moves for summary judgment on the affirmative defense of failure to mitigate. Mtn. at p. 13. Under Delaware common law, "a plaintiff has the duty to mitigate his or her damages when feasible." *Dover*

*Mall, LLC v. Tang*, No. K22C-07-013, 2023 WL 6536975, at *6 (Del. Super Ct. Oct. 5, 2023). As the party asserting this defense, AXS has the burden of raising a fact issue as to Cobalt Falcon's failure. *Ancor Holdings, LP v. Landon Cap. Partners LLC*, No. 20-CV-1326, 2022 WL 22890562, at *3 (N.D. Tex. Nov. 3, 2022).

¶20  Delaware courts have held, inter alia, that a party has failed to meet that burden when it failed to identify a "specific remedial action[] that Plaintiff could have taken" and produce evidence quantifying how much damages may have been mitigated. *See, e.g.*, *Westerly Winds USA, Inc. V. Kuhl*, No. N25C-06-139, 2026 WL 1481702, at *5 (Del. Super. Ct. May 20, 2026); *BTG Int'l, Inc. v. Wellstat Therapeutics Corp.*, No. 12562, 2017 WL 4151172, at *20 (Del. Ch. Sept. 19, 2017), *aff'd*, 188 A.3d 824 (Del. 2018) (finding that defendant failed to meet its burden of proof when it failed to "introduce any evidence or expert testimony that would quantify how much [plaintiff's] damages might be mitigated").

¶21  At summary judgment, AXS was compelled to come forward with more than a scintilla of evidence of failure to mitigate by Cobalt Falcon. But the only evidence cited by AXS is the Transaction Agreement at Sections 10.2, 10. 3, 10.4(j), and a document evidencing a one-million-dollar depreciation

associated with the Fund. Resp. at pp. 10-11; *see also* Mtn. at pp. 53-54 (Transaction Agreement Section 10). Section 10 is an indemnification provision. Subsection 2 discusses the indemnification obligation of the seller, Subsection 3 discusses the obligation of the buyer, and Subsection 4(j) imposes on the party claiming indemnification a duty to mitigate.

¶22 AXS presented no argument or evidence as to how reported depreciation relates to or could be used by Cobalt Falcon to mitigate its damages. Nor does AXS explain how a contractual provision addressing indemnification applies to the mitigation of damages in the case of a breach of contract. Delaware law requires, at a minimum, that the party asserting the defense of mitigation identify a "specific remedial action" that could have been taken to mitigate damages caused by a breach. *Westerly Winds US*, 2026 WL 1481702, at *5. Here, AXS has not shown—in its argument or its evidence—any specific action Cobalt Falcon failed to take. For these reasons, Cobalt Falcon's motion for summary judgment on the affirmative defense of duty to mitigate is GRANTED.

### D.   Performance by Payment and Duplicative Recovery

¶23 Cobalt Falcon last moves for summary judgment on an asserted defense of performance by payment and duplicative recovery. This is not an

affirmative defense—and AXS admits as much (*see* Resp. at p. 11 n. 22). Because the theory advanced by AXS is not a proper affirmative defense, summary judgment as to this theory is GRANTED.

¶24  With AXS having failed to show a fact issue in support of any asserted affirmative defense, there are none remaining that could preclude summary judgment as to liability.

¶25  IT IS THEREFORE ORDERED that Cobalt Falcon's motion for traditional summary judgment on liability for Count I is GRANTED. IT IS FURTHER ORDERED that Cobalt Falcon's motion for summary judgment on the affirmative defenses of unconscionability, unenforceable penalty, failure to mitigate, and limitation of remedies is GRANTED.

SO ORDERED.

*Andrea K. Bouressa*
ANDREA K. BOURESSA
Judge of the Texas Business Court,
First Division

SIGNED ON: July 14, 2026.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexis Scherff on behalf of Daeja Pemberton
Bar No. 24131579
alexis.scherff@txcourts.gov
Envelope ID: 117350386
Filing Code Description: Proposed Order
Filing Description: Memorandum Opinion and Order Granting Plaintiffs
Motion for Summary Judgment
Status as of 7/15/2026 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Kay Ridenour | | kridenour@lynnllp.com | 7/14/2026 9:06:34 PM | SENT |
| Scott Smoot | | ssmoot@lynnllp.com | 7/14/2026 9:06:34 PM | SENT |
| Margaret AngelitaDelgadillo | | angelita@martinpowers.com | 7/14/2026 9:06:34 PM | SENT |
| Meagan MartinPowers | | meagan@martinpowers.com | 7/14/2026 9:06:34 PM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 7/14/2026 9:06:34 PM | SENT |
| Emily AWebb | | ewebb@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| William SSnyder | | wsnyder@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Raylee Hopkins | | rhopkins@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Robin McCormack | | rmccormack@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| David C.Miller | | dmiller@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Chris Schwegmann | | cschwegmann@lynnllp.com | 7/14/2026 9:06:34 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 7/14/2026 9:06:34 PM | SENT |
| Boyce Holleman | | bholleman@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Alyssa Ramirez | | ARamirez@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Martin Powers & Counsel Paralegals | | paralegals@martinpowers.com | 7/14/2026 9:06:34 PM | SENT |
| Courtney Myers | | cmyers@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Doug Hirsch | | dhirsch@sadis.com | 7/14/2026 9:06:34 PM | SENT |
| Quane Griffith | | qgriffith@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Jennifer Rossan | | jrossan@sadis.com | 7/14/2026 9:06:34 PM | SENT |
| Rosa Cortez | | rosa.cortez@txcourts.gov | 7/14/2026 9:06:34 PM | SENT |
| Lexie Alexander | | lalexander@bradley.com | 7/14/2026 9:06:34 PM | SENT |
| Claire Schick | | cschick@bradley.com | 7/14/2026 9:06:34 PM | SENT |